**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher Eric ANDERSON, Defendant–Appellant.**

**No. 93–6146.**

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1994.

Teresa Black, Assistant United States Attorney (John E. Green, United States Attorney, with her on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Before KELLY and McWILLIAMS, Circuit Judges, and GODBOLD, Senior Circuit Judge.[1]

GODBOLD, Senior Circuit Judge.

The issue in this case is whether the district court erred in denying to the defendant "acceptance of responsibility" credit under § 3E1.1 of the Sentencing Guidelines. We hold it did not err.

Christopher Eric Anderson was an inmate at the Federal Correctional Institution, El Reno, Oklahoma. On July 23, 1992, Anderson went to a housing unit of the prison other than the unit in which he resided. Tom Long, a senior officer on duty, approached Anderson and asked him what he needed. Anderson replied that he was there to work out with a friend. Long examined a blanket that Anderson was carrying, which contained nothing. Long next requested Anderson to submit to a pat-search. Anderson began moving around and responded "I ain't got nothing on me." When Long again ordered Anderson to submit to a pat-search, Anderson ran away into a wing of the unit. The officer chased him and called on his radio for assistance.

Long saw Anderson reach down and pull up his pant leg and expose the handle of a shank[2]. Anderson pulled the shank out of his sock while continuing to run, and then threw it in a cubicle containing two other

---

1. The Honorable John C. Godbold, Senior U.S. Circuit Judge for the Eleventh Circuit, sitting by designation.

2. The shank measured 10½ inches in length and ⅜ inches in diameter. It was made from ⅜ inch metal stock and was flattened and sharpened at one end.

inmates as he was running by it. Anderson was caught by another officer.

Anderson was charged with possessing a shank (a prohibited object) in violation of 18 U.S.C. § 1791(a)(2)[3]. Although he initially pleaded not guilty, Anderson later pleaded guilty to interfering with an officer engaged in the performance of his official duties in violation of 18 U.S.C. § 111[4]. In accordance with the PSI the district court determined that under sentencing guidelines Anderson's total offense level was six, with a criminal history category of VI. This indicated an imprisonment range of 12 to 18 months. Anderson was sentenced to imprisonment for 17 months.

Anderson requested a two-level decrease in the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) (1992). The PSI recommended that this be denied because Anderson did not admit to possession of the shank. After a hearing the court found that Anderson did possess the shank and disposed of it by throwing it into a cubicle, and denied the requested reduction. Had he been granted the reduction, his guideline imprisonment range would have been six to 12 months. Anderson appeals, raising only the denial of the reduction. We review the district court's interpretation and application of the sentencing guidelines *de novo*. *U.S. v. Brownlee*, 970 F.2d 764, 764 (10th Cir.1992) (citing *U.S. v. Maltais*, 961 F.2d 1485, 1486 (10th Cir.1992).

U.S.S.G. § 3E1.1(a) provides, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Anderson contends the district court erred in denying him credit under U.S.S.G. § 3E1.1 for "acceptance of responsibility" because the actions he denied—possessing and throwing away the shank—were not elements of the offense of conviction. He admits that his refusal to submit to the pat-search and his flight from Long constitute sufficient factual basis to support the offense to which he pleaded guilty. However, he says his carrying and throwing away a shank had nothing to do with the offense, and therefore, his denial of these acts should not result in a failure to apply the two point reduction.

Application Note 1 to U.S.S.G. § 3E1.1(a) says:

In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

. . . .

U.S.S.G. § 1B1.3(a)(1) provides that the definition of "relevant conduct" includes "all acts and omissions committed . . . or willfully caused by the defendant . . . that occurred during the commission of the offense of con-

**3.** 18 U.S.C. § 1791(a)(2) provides in relevant part:

(a) Offense.—Whoever— . . .
(2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object;
shall be punished as provided in subsection (b) of this section.
18 U.S.C. § 1791(d)(1)(B) goes on to say the definition of "prohibited object" includes "a weapon . . ., or an object that is designed or intended to be used as a weapon. . . ."

**4.** 18 U.S.C. § 111 provides in relevant part,

Whoever—
(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall be fined under this title or imprisoned not more than three years, or both.
The list of designated person in 18 U.S.C. § 1114 includes "any officer or employee of any United States penal or correctional institution."

viction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; ...." The possession and throwing away of the shank are relevant conduct because they are acts that occurred during the commission of the offense. The offense charged in the indictment consisted of "knowingly resisting, opposing, impeding and interfering" with an officer during his performance of his official duties. The specific offense conduct consisted of Anderson disobeying the officer's request to submit to a pat search and fleeing from him. Possession of the shank and throwing it away were acts that occurred during the commission of the offense; they were part of the process of disobeying the officer. Therefore, they were "relevant conduct." [5]

We agree with other courts that have concluded that a defendant's denial of conduct that is not part of the specific offense with which he is charged may properly lead a district court to deny "acceptance for responsibility" credit. See U.S. v. Kinder, 946 F.2d 362, 367 (5th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 1677, 118 L.Ed.2d 394 (1992) (district court entitled to conclude that appellants were not entitled to the reduction for acceptance of responsibility where they denied their culpability for any criminal conduct beyond the specific offense charged.); U.S. v. Frierson, 945 F.2d 650, 656 (3rd Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992) ("sentencing court may consider whether the defendant has admitted or denied conduct beyond the specific conduct of the offense of conviction in the course of determining whether to grant a two-level reduction for acceptance of responsibility."). We hold that the carrying and throwing away of the shank was "relevant conduct" which Anderson falsely denied. Since Anderson did not clearly accept responsibility for his offense, the district court did not err in denying him "acceptance of responsibility" credit.

Anderson contends that denial of "acceptance of responsibility" credit violates his Fifth Amendment self-incrimination privilege because it attaches a penalty to the failure to admit incriminatory statements. He did not invoke the Fifth Amendment, which is necessary to its assertion, and in any event denial of a U.S.S.G. § 3E1.1 downward adjustment is not a penalty or an enhancement of sentence implicating the Fifth Amendment. U.S. v. Gordon, 4 F.3d 1567 (10th Cir.1993).

AFFIRMED.

---

**5.** The district court found that possession and throwing away of the shank were "offense conduct." "Offense conduct" has a narrower meaning than "relevant conduct," and is necessarily included within the definition of "relevant conduct." Thus, if the district court erred in classifying the conduct as offense conduct instead of relevant conduct, it was an error without consequence.