57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Casals DiFRANCHESCO, Defendant-Appellant.
 No. 94-1142.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Roberto C. DiFranchesco was charged in a two-count indictment and pled guilty to one count accusing him of participating in a wide-ranging RICO conspiracy. He was sentenced on March 18, 1994. In determining Mr. DiFranchesco's sentence, the district court imposed a three-level upward adjustment based on defendant's knowledge that funds he took to Switzerland for money laundering purposes were the product of illegal narcotics activities. The court refused defendant's request for a two-level reduction for acceptance of responsibility, concluding that Mr. DiFranchesco had tried to minimize his role in the illegal activity by falsely denying that he knew the funds taken to Switzerland were drug proceeds. The court also refused to give Mr. DiFranchesco a downward adjustment for his minor role in the offense. On appeal, Mr. DiFranchesco challenges only the sentencing court's failure to grant him a reduction for acceptance of responsibility.
 
 
 3
 The guidelines provide that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. 3E1.1 (1994).[2] We review the district court's decision on the applicability of this guideline for clear error and we give deference to its determination. See United States v. Vaughn, 7 F.3d 1533, 1536 (10th Cir.1993), cert. denied, 114 S.Ct. 1553 (1994).
 
 
 4
 The sentencing court based its refusal to apply the reduction upon finding that Mr. DiFranchesco lied when he denied knowing the funds were drug proceeds. The court also found that Mr. DiFranchesco carried the money into Switzerland, contrary to Mr. DiFranchesco's assertion that he was given the money after he had arrived in Switzerland. On appeal, Mr. DiFranchesco contends that he was entitled to the reduction because he had admitted all the elements of the offense of money laundering and that admission of the conduct which he denied would have subjected him to more severe penalties.
 
 
 5
 The commentary to this guideline provides that the reduction is available even if a defendant remains silent and does not volunteer or affirmatively admit relevant conduct beyond the offense of conviction. See Commentary, App. Note 1(a), U.S.S.G. 3E1.1. The Commentary further provides, however, that "a defendant who falsely denies ... relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. The district court determined that Mr. DiFranchesco falsely denied knowing that the funds were drug proceeds and falsely denied bringing the money into Switzerland. These findings are not clearly erroneous. We have held in accordance with the Commentary cited above that a defendant's denial of relevant conduct may be the basis for denial of a reduction under this guideline even if the conduct is not part of the specific offense charged. See United States v. Anderson, 15 F.3d 979, 981 (10th Cir.), cert. denied, 114 S.Ct. 1623 (1994).
 
 
 6
 Mr. DiFranchesco's self-incrimination argument was likewise considered and rejected in Anderson, where we pointed out that a defendant who has not invoked the Fifth Amendment may not assert it, and that "in any event denial of a U.S.S.G. 3E1.1 downward adjustment is not a penalty or enhancement of sentence implicating the Fifth Amendment." Id.
 
 
 7
 The sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The illegal activity upon which the court calculated Mr. DiFranchesco's sentence, i.e., his role in carrying funds to Switzerland for money-laundering purposes, occurred in May 1988. Section 3E1.1 has been modified since that date. We apply the version of the guideline in effect at the time of sentencing unless to do so would ex post facto disadvantage the defendant. See United States v. Saucedo, 950 F.2d 1508, 1513 (10th Cir.1991). Mr. DiFranchesco's argument on appeal assumes that no ex post facto problem exists here and we agree that the changes do not disadvantage him. Accordingly, we apply that version of the guideline in effect when Mr. DiFranchesco was sentenced