**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES ALBERT STANFIEL, III,

    Defendant-Appellant.

No. 97-6422
(W.D. Okla.)
(D.Ct. No. 97-CR-102)

_____

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Mr. Stanfiel entered a guilty plea to the charge of manufacturing

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

methamphetamine and received a sentence, *inter alia*, of 360 months. Mr. Stanfiel appeals the findings of the sentencing court which gave rise to his sentence. We affirm the judgment and sentence of the district court.

This case arose when law enforcement agents executed a search warrant and discovered a methamphetamine laboratory operated by Mr. Stanfiel and assisted therein by his fourteen-year-old daughter.

Mr. Stanfiel originally received an indictment of one count of manufacturing methamphetamine and two delivery counts. Mr. Stanfiel thereafter entered into a written plea agreement, dropping the two delivery counts in exchange for his guilty plea to the manufacturing count. Mr. Stanfiel, pursuant to his plea agreement, entered the appropriate guilty plea.

A sentencing hearing was held to resolve Mr. Stanfiel's objections to the pre-sentence report. The sentencing court heard testimony from three witnesses for the Government and from Mr. Stanfiel. As could be expected, the testimony of the Government's witnesses and Mr. Stanfiel conflicted. The sentencing court credited the testimony of the Government witness, finding Mr. Stanfiel's testimony to be untruthful. The sentencing court further found: (1) Mr. Stanfiel

should be charged with the equivalent of forty-eight ounces of actual methamphetamine (yielding a base offense level of 36); (2) Mr. Stanfiel knew of the presence of firearms that were lying in plain view on tables in the lab, and ready for quick use (warranting a two-point increase in the offense level); (3) the Government failed to prove Mr. Stanfiel had a leadership role; (4) Mr. Stanfiel used his fourteen-year-old daughter and her fourteen-year-old friend to participate in the lab; and (5) Mr. Stanfiel injected both his daughter (so they would be "closer") and her friend with methamphetamine on several occasions (which increased the offense level by two points). The sentencing court denied Mr. Stanfiel a reduction of acceptance of responsibility and added two points to the base offense level for obstruction of justice based on Mr. Stanfiel's specified perjurious testimony at the sentencing hearing. The resulting offense level totaled 42 with a criminal history category of I, which collectively produced a guideline sentencing range of 360 months to life. The court imposed the minimum sentence of 360 months.

Mr. Stanfiel appeals these sentencing determinations, asserting the trial court erred: (1) in calculating the amount of methamphetamine for the purpose of setting the base offense level; (2) in enhancing the base offense level two points for possession of a firearm; and (3) in refusing to award him three points for

acceptance of responsibility and enhancing the base offense level two points for obstruction of justice.

## The Amount of Methamphetamine

The sentencing court made the following written findings concerning the amount of methamphetamine involved in the crime:

> The amount of methamphetamine found during searches of the labs in Bethany and McClain County was stipulated to be 135.9 grams of actual methamphetamine. The Court also heard testimony from Ricky Wallgren, who testified about 55 ounces of approximate 89 percent pure methamphetamine produced by him and the defendant, which the Court found yielded an equivalent of approximately 48 ounces of actual methamphetamine.

Mr. Stanfiel asserts the trial court erred in calculating the amount of methamphetamine. Specifically, Mr. Stanfiel argues the sentencing court erred in relying on the testimony of Mr. Wallgren. Mr. Stanfiel argues Mr. Wallgren's "testimony was shot through with contradiction and because the Trial Court specifically stated it was going to use a conservative basis for accepting his testimony, the Court should be bound by this self imposed requirement." Mr. Stanfiel continues this argument by asserting "[t]he government did not prove the quantity of methamphetamine by a preponderance of the evidence, and ... the evidence did not meet a minimum indicia of reliability."

A short review of the testimony at issue brings this contention into sharp focus. Mr. Wallgren, who previously pled guilty to manufacturing methamphetamine, testified pursuant to a plea agreement that he maintained a meth lab, and that Mr. Stanfiel, on six occasions between November 1996 and March 1997, participated with him in this manufacturing process. Mr. Wallgren personally presided at each "cook," and testified in detail about the method of manufacture and quantities produced. The sentencing court found Mr. Wallgren's testimony credible, not only on the basis of the content of the testimony, but by the observation of his demeanor while testifying.

We review the sentencing court's determination of the quantity of drugs attributable to the defendant for clear error, and we cannot disturb this finding unless it has no support in the record or unless we are firmly convinced an error has been made. *See United States v. Morales*, 108 F.3d 1213, 1225 (10th Cir. 1997). We find no such error. The credibility of any witness is for the trial court to determine, and such a decision is not for an appellate court to make. *See United States v. Gobey*, 12 F.3d 964, 967 (10th Cir. 1993). The testimony reviewed above adequately supports the trial court's factual determination.

## Possession of a Firearm

The sentencing court made the following written findings of fact concerning the firearm enhancement:

> Wallgren also testified about the presence of weapons at the lab in McClain County. The Court found that firearms were possessed close to the manufacturing facility, were in plain view and ready for quick use. The defendant knew that the firearms were there, because testimony was given that the weapons were sitting on the tables in the lab. The evidence met the requirements for two additional points pursuant to [U.S.S.G.] §2D1.1(b)(1).

Mr. Stanfiel argues "the guns in question were specifically removed from the drug activity and were not connected therewith."

Once again, a review of the applicable testimony brings the issue into sharp focus. The transcript reveals the sentencing court accurately set forth Mr. Wallgren's testimony. He testified the handguns were lying in plain view on tables in the garage where the manufacturing of methamphetamine took place. In fact, Mr. Wallgren testified, in part, as follows:

> Q. All right. What happened to the guns while you were manufacturing methamphetamine?
>
> A. They just laid around there, just laid around there on the tables and what have you. And Bryan Callahan, I believe, and Charles [Mr. Stanfiel] kept switching the .38 back and forth. And then when I left down there, well, him [sic] and Charles then had the .40 caliber Glock and the .38 Smith and Wesson.

We review the trial court's factual findings for clear error and its legal interpretation of sentencing guidelines *de novo*. *See United States v. Johnson*, 42 F.3d 1312, 1320 (10th Cir. 1994), *cert. denied*, 514 U.S. 1055 (1995). The record is more than ample to support the sentencing court's factual findings in regard to the handgun, and thus, its sentencing determination is correct. *See* U.S.S.G. § 2D1.1(b)(1).

## Denial of Acceptance of Responsibility, and Enhancement for Perjury

The sentencing court, after hearing the evidence adduced at the sentencing hearing, made the following written findings:

> The defendant testified in his own behalf. The Court found that he obstructed justice in giving false testimony under oath concerning material facts: 1) the defendant stated that he never injected methamphetamine in Tiffany or "Angela"; 2) the defendant testified that he was unaware of guns in the lab; 3) he denied that Tiffany ever assisted in the manufacture of methamphetamine. The Court found that these statements concerning material issues were made deliberately and with knowledge of their falsity, not through faulty memory, mistake or inadvertence. Three points previously subtracted from the defendant's adjusted offense level ... were not allowed by the Court based on the defendant's perjurious testimony. Two points were added for obstruction of justice ....

Mr. Stanfiel argues he agreed to fully cooperate before even being charged with any crime and did fully cooperate. He asserts he was honest, candid, and forthcoming and demonstrated his acceptance of responsibility "by immediately

entering a plea, admitting his crime, and cooperating." He further argues his sincere remorse should be rewarded for saving the Government the trouble and expense of trial.

A defendant is not entitled to an adjustment for acceptance of responsibility merely because he pleads guilty. *See United States v. McMahon*, 91 F.3d 1394, 1397 (10th Cir.), *cert. denied*, 117 S. Ct. 533 (1996). It is the defendant's obligation to clearly demonstrate his acceptance of responsibility. The false denial of relevant conduct is inconsistent with his acceptance of responsibility. *See United States v. Anderson*, 15 F.3d 979, 981 (10th Cir.), *cert. denied*, 511 U.S. 1057 (1994).

The district court has broad discretion in awarding a reduction of sentence for acceptance of responsibility, and its decision will not be disturbed on appeal absent clearly erroneous findings. *See United States v. Gassaway,* 81 F.3d 920, 922 (10th Cir. 1996). A review of the sentencing transcript shows more than enough evidence for the sentencing court to believe Mr. Stanfiel testified falsely. Mr. Wallgren's testimony, if believed, is more than sufficient for this purpose. The sentencing court believed Mr. Wallgren's testimony and we have no reason or basis in law to upset this determination.

The judgment and sentence of the district court is **AFFIRMED.**


                  **Entered by the Court:**


                  **WADE BRORBY**
                  United States Circuit Judge