**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MODESTO SICAIROS,

    Defendant-Appellant.

No. 98-6434
(W.D. Okla.)
(D.Ct. No. 98-CR-112-M)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Modesto Sicairos pled guilty to conspiracy to possess cocaine

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with intent to distribute. The district court sentenced him to 121 months in prison. On appeal, Mr. Sicairos argues the district court improperly denied his request for a three-level sentence reduction for his acceptance of responsibility under United States Sentencing Guideline § 3E1.1. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm his sentence.

BACKGROUND

During a drug investigation, law enforcement officials observed Mr. Sicairos leave a residence they had under surveillance and drive away in his black Mercury with a passenger, Ramone Aguilar. The officers followed and began executing a traffic stop. As soon as the officers turned on their emergency lights, they observed Mr. Sicairos making furtive or stuffing gestures toward his floorboard or under his seat. As officers advanced to the vehicle, they again observed Mr. Sicairos making furtive or stuffing gestures toward the vehicle's floor. After exiting his vehicle, Mr. Sicairos consented to a search of the Mercury and told officers it contained "a gun and dope." During their search of the vehicle's interior, officers found a .380 semi-automatic pistol under the driver's seat. A drug detection dog alerted to the vehicle's trunk where officers found four bundles of cocaine.

Following his arrest, Mr. Sicairos pled guilty to the charge of conspiracy to possess cocaine with intent to distribute. During the plea hearing, the district court questioned Mr. Sicairos on the factual basis for his guilty plea. In response, Mr. Sicairos stated "Ramone Aguilar called for me to give him a ride, presumably he had a box with drugs in it." The district court then permitted the government to conduct a *voir dire* examination during which Mr. Sicairos admitted he knew the drugs were in the car, the drugs were intended for distribution to others, and the purpose of transporting Mr. Aguilar was for distribution of those drugs. However, in attempting to minimize his involvement, Mr. Sicairos stated "All I did is give him a ride. He asked me to give him a ride. I did take him, but that's all."

Based on Mr. Sicairos' admissions, the district court found a factual basis for his guilty plea and referred his case to a probation officer for the purpose of preparing a presentencing report. In a notarized statement to the probation officer, Mr. Sicairos assumed responsibility for having the drugs in his vehicle and "for helping make them available for sale by driving Aguilar to the places he wanted," but denied knowing the drugs were in his car.

At his sentencing hearing, Mr. Sicairos' attorney attempted to explain Mr.

Sicairos' prior conflicting statements by relating that Mr. Sicairos could not admit to knowing the vehicle contained drugs because Mr. Sicairos said "it's not true." In response, the government called an officer witness who testified that Mr. Sicairos admitted his vehicle contained "a gun and dope." Following this testimony, the district court found, by a preponderance of the evidence, that Mr. Sicairos did not qualify for reduction of his sentence for acceptance of responsibility and therefore, denied a downward adjustment.

DISCUSSION

On appeal, Mr. Sicairos contends the district court erred in refusing to apply a three-level sentence reduction under U.S.S.G. § 3E1.1 because he accepted responsibility by pleading guilty to the offense charged. He contends his disagreement with the government over whether he knew the vehicle contained drugs should not preclude him from a three-level reduction because it "had no affect [sic] on his admission to being guilty of the offense charged."

In determining whether to award a sentence reduction for acceptance of responsibility under § 3E1.1, we recognize the district court's broad discretion and will not disturb its decision absent clearly erroneous findings. *United States v. Bindley*, 157 F.3d 1235, 1240 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1086

(1999). In requesting such a reduction, Mr. Sicairos bears the burden of establishing entitlement to a reduction under § 3E1.1 and must show recognition and affirmative acceptance of personal responsibility for his criminal conduct. *Id.* at 1241. If Mr. Sicairos falsely denied, or frivolously contested, "relevant conduct" which the district court determined to be true, the district court may find he acted in a manner inconsistent with acceptance of responsibility.[1] *Id.; see also* U.S.S.G. § 3E1.1, Comment. (n.1).

Applying these standards to the instant case, we conclude the district court did not err in refusing to reduce Mr. Sicairos' sentence. In so doing, we acknowledge that Mr. Sicairos was not required to affirmatively admit relevant conduct, beyond that which was necessary for conviction of the offense charged, in order to obtain a § 3E1.1 reduction. *United States v. Contreras*, 59 F.3d 1038, 1040 (10th Cir. 1995) (citing U.S.S.G. § 3E1.1(a), Comment. (n.1)). Instead, Mr. Sicairos could have remained silent with respect to the relevant conduct. *Id.* at 1041. Thus, if he had remained silent with respect to his knowledge of the

---

[1] "Relevant conduct" is defined as "'all acts and omissions committed ... or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *United States v. Anderson*, 15 F.3d 979, 980-81 (10th Cir.) (quoting U.S.S.G. § 1B1.3(a)(1)), *cert. denied*, 511 U.S. 1057 (1994).

existence of cocaine in his vehicle, he may have obtained the requested reduction following his guilty plea. *Id.* However, Mr. Sicairos did not remain silent and instead made conflicting statements about his knowledge concerning the cocaine. These statements clearly involve conduct relevant to the drug offense. In light of Mr. Sicairos' conflicting statements, the district court could reasonably conclude that Mr. Sicairos falsely denied "relevant conduct" it determined to be true, and therefore, did not demonstrate acceptance of his responsibility. *See, e.g., id.* at 1041 (holding no acceptance of responsibility occurred where defendant failed to remain silent and instead understated his culpability on the transportation of the drugs he pled guilty to possessing); *Anderson*, 15 F.3d at 981 (holding no acceptance of responsibility existed where defendant pled guilty to interfering with an officer engaged in official duties, but denied possessing a metal weapon he threw away when fleeing from officers).

For these reasons, we determine that the district court's denial of Mr. Sicairos' request for a downward departure under § 3E1.1 was not clearly erroneous. In so holding, we need not address Mr. Sicairos' remaining contention

that a three-level, and not a two-level, reduction should be granted.  Accordingly,

we **AFFIRM** Mr. Sicairos' sentence.


                                **Entered by the Court:**

                                **WADE BRORBY**
                                United States Circuit Judge