**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHARLES ALBERT STANFIEL, III,

      Defendant-Appellant.

No. 00-6096
(D.C. No. CIV-99-2123-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Charles Albert Stanfiel appeals the district court's denial of his motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2255. Because defendant has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss this appeal.

On July 16, 1997, defendant entered a plea of guilty to one count of manufacturing methamphetamine, for which he received a 360-month sentence and a $20,000 fine. This court affirmed his conviction on direct appeal in United States v. Stanfiel, No. 97-6422, 1998 WL 886773 (10th Cir. Dec. 21, 1998) (unpublished disposition). On December 30, 1999, defendant filed this § 2255 motion, alleging that both his trial and appellate counsel were ineffective. The district court found defendant's claims to be procedurally barred because they had not been raised on direct appeal, and ruled in a detailed order that none of defendant's claims of ineffective assistance of appellate counsel demonstrated cause and prejudice for the default. Defendant appeals this determination.

Because defendant filed his § 2255 motion after April 24, 1996, he is subject to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), including the requirement that he obtain a certificate of appealability as a prerequisite to appellate review. 28 U.S.C. § 2253(c)(1); Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999), cert. denied, 528 U.S. 1120 (2000). To obtain such a certificate, defendant must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).

A defendant may demonstrate cause for a procedural default by showing that his appellate attorney was ineffective in failing to raise a "dead bang winner," which is defined as "an issue which was obvious from the trial record, . . . and one which would have resulted in reversal on appeal." United States v. Cook, 45 F.3d 388, 395 (10th Cir. 1995). "This court's review of counsel's decision to omit an issue on appeal is highly deferential." Moore v. Gibson, 195 F.3d 1152, 1180 (10th Cir. 1999), cert. denied, 120 S. Ct. 2206 (2000).

Defendant claims that his appellate counsel should have argued that his trial attorney was ineffective in (1) failing to file a motion to suppress statements given by his daughter because she had not been given Miranda warnings,[1] there was no adult present, and she was threatened; (2) failing to object to the government's violation of the plea agreement; (3) stipulating to the amount and purity of the methamphetamine; and (4) failing to object to the appropriateness of the $20,000 fine. Defendant's Motion for a Certificate of Appealability, at 2. The district court held that the failure to raise these issues on appeal was not ineffective because (1) defendant could not assert his daughter's Miranda rights and, in any event, there was more than enough evidence to support the sentence

---

[1] See Miranda v. Arizona, 384 U.S. 436, 444 (1966).

even without the daughter's testimony; (2) the plea agreement clearly showed that all relevant conduct would be considered and no sentence was promised, so there was no breach; (3) given the government's evidence regarding the purity and amount of methamphetamine, counsel's decision to stipulate to these facts was a tactical decision, and defendant did not show that challenging the government's evidence would have succeeded; and (4) given the fine range up to $4,000,000 and defendant's pre-arrest income, there was no error in failing to object to the fine.

After reviewing the record and defendant's brief, we conclude the district court was correct in holding defendant had not demonstrated cause for his procedural default. Because defendant has not demonstrated that his appellate attorney omitted a "dead-bang winner," he has not made a substantial showing of the denial of a constitutional right, and therefore we deny his motion for a certificate of appealability.

The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-