**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES ALBERT STANFIEL, III,

    Defendant-Appellant.

No. 03-6135

(D.C. No. 97-CR-102-A)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Charles Albert Stanfiel III appeals the district court's denial of his motion to modify sentence filed pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stanfiel entered into a plea agreement and pled guilty to one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Stanfiel and the government stipulated that 135.9 grams of methamphetamine were recovered and, pursuant to U.S.S.G. § 2D1.1(a)(3)(c), the base offense level was determined to be 36. The court added two points for presence of a firearm, two points for use of a minor to commit a crime, and two points for obstruction of justice, resulting in a base offense level of 42 and a criminal history category of 1. On November 17, 1997, the court sentenced Stanfiel to 360 months' imprisonment.

Stanfiel's conviction was affirmed on direct appeal by this court in United States v. Stanfiel, No. 97-6422, 1998 WL 886773 (10th Cir. Dec. 21, 1998). He filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied. This court denied a certificate of appealability and dismissed the appeal from that ruling. United States v. Stanfiel, No. 00-6096, 2001 WL 167271 (10th Cir. Feb. 20, 2001).

On March 20, 2003, Stanfiel filed his motion to modify sentence, arguing that his sentence should be reduced as a result of United States Sentencing Commission Amendment 591 and Amendment 613 and the amended U.S.S.G. § 1B1.2(a) and its commentary. Stanfiel argued he should have been sentenced to a maximum of 20 years under § 841, which is not tied to a drug quantity, because drug quantity was not set forth in his indictment or plea agreement nor did he agree to the stipulation containing drug quantity at sentencing. The district court denied the motion on April 23, 2003. The court

2

concluded that Stanfiel had misinterpreted § 1B1.2(a). Although the amended § 1B1.2(a) prohibits sentencing a defendant for a more serious offense than contained in a plea agreement as the result of a stipulation, the court concluded that Stanfiel did not admit to committing a more serious offense than charged but merely stipulated to the quantity of drugs involved. The court therefore concluded neither § 1B1.2(a) nor Amendment 613 applied. The court further concluded since Stanfiel was not sentenced pursuant to U.S.S.G. § 2D1.2, Amendment 591 was not applicable.

We have reviewed the record on appeal and all of Stanfiel's filings with this court and conclude the district court did not err in denying Stanfiel's motion to modify sentence. We AFFIRM for substantially the same reasons as stated by the district court in its order filed April 23, 2003.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3