PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 7/26/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PETER JOSEPH McMAHON,

Defendant-Appellant.

No. 95-5169

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 94-CR-176-BU)

---

Stephen J. Greubel, Assistant Federal Public Defender (Stephen J. Knorr, Federal Public Defender, with him on the briefs), Tulsa, Oklahoma, for Defendant-Appellant.

Neal B. Kirkpatrick, Assistant United States Attorney (Stephen C. Lewis, United States Attorney, Northern District of Oklahoma, with him on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before ANDERSON, ENGEL* and LOGAN, Circuit Judges.

---

LOGAN, Circuit Judge.

---

*The Honorable Albert J. Engel, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Defendant Peter J. McMahon appeals his conviction and sentencing, after a jury trial, on charges of possessing a firearm and ammunition after a previous felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and possession of a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced him under the Armed Career Criminal Act with a sixty-month consecutive sentence on the § 924(c)(1) charge.

On appeal, defendant contends that (1) the § 924(c)(1) conviction should be reversed and the charge dismissed under Bailey v. United States, 116 S. Ct. 501 (1995), and the district court erred in (2) refusing a two-level downward adjustment for acceptance of responsibility, USSG § 3E1.1, and (3) treating an Oklahoma state drug conviction as a "serious drug offense" and defendant's prior conviction for escape from a drug detoxification center as a "violent felony" for purposes of § 924(e) enhancement.

I

On separate occasions in September and October 1994, law enforcement officers searched an apartment defendant occupied with codefendant Kandy Kay Thomas and her son, Dallas Woods. The two affidavits supporting the search warrants detailed controlled drug purchases from defendant by a confidential informant and law enforcement observations of defendant and Thomas. The officers recovered 2½ K-4 Dilaudid pills, two syringes, and a 20-gauge shotgun during the first search, and 14½ K-4 Dilaudid pills, syringes and ammunition during the second search. At the suppression hearing defendant

testified that he could not have participated in the controlled drug sales described in the affidavits because he was elsewhere when the sales occurred.

Michael Sinclair and Thomas' sons, Dallas Woods and Waylon Woods, all testified at defendant's joint trial with Thomas. Sinclair testified that he witnessed Dallas' father, Ronny Woods, deliver a shotgun to the apartment on the morning of the first search. Dallas Woods testified that he owned a shotgun which he observed his father deliver to the apartment that day. Waylon Woods testified that the ammunition seized in the second search belonged to him and that defendant and Thomas did not know he had left it in their apartment.

After the court recessed for the day, prosecutors interviewed all three Woods and other family members. Dallas and Waylon Woods ultimately admitted to giving perjured testimony at defendant's urging and to assist their mother's defense. Ronny Woods provided prosecutors with a letter from defendant detailing the proposed false testimony and offering sons Dallas and Waylon $50 each for their false testimony. Prosecutors revealed the perjury conspiracy to the district court and defense counsel. Thomas then consulted with her attorney and pleaded guilty to two counts of a superseding indictment.

When the trial reconvened defendant knew the prosecution had witnesses available to testify as to the perjury conspiracy. Defendant took the stand and acknowledged to the court that his desire to avoid the fifteen-year mandatory minimum sentence had motivated him to suborn perjury. He denied selling drugs from his apartment and using a firearm to

further the drug operation. Dallas and Waylon Woods, on rebuttal, admitted to the perjury conspiracy and that they had testified falsely at defendant's and Thomas' behest. Dallas Woods admitted seeing defendant and Thomas sell drugs and observing buyers inject themselves with drugs at the apartment. Ronny Woods testified that defendant asked him to say that he had brought the gun to defendant's apartment on a date just before the search.

## II

The government concedes defendant's first issue--that under Bailey the § 924(c) conviction must be reversed and that count of the indictment dismissed. Bailey held that a § 924(c) conviction requires a showing the defendant actively used the firearm "in relation to the predicate crime." 116 S. Ct. at 505. "Use" of the firearm does not include having it available if needed, but rather "active employment" of the weapon. Id. at 508. The shotgun here was not loaded when seized, and the government found it secreted behind clothing in a closet. The officers executing the search found no drugs in the closet. Thus, applying Bailey we reverse defendant's § 924(c) conviction and remand, directing the district court to vacate the sixty-month consecutive sentence and other conditions associated with this charge.

## III

Defendant argues that the district court erred by refusing to lower his offense level for acceptance of responsibility under USSG § 3E1.1. We review for clear error a district

court decision not to grant a reduction for acceptance of responsibility. United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir. 1993). Defendant must prove that he is entitled to this offense level reduction by a preponderance of the evidence. United States v. Chimal, 976 F.2d 608, 613 (10th Cir. 1992), cert. denied, 507 U.S. 938 (1993).

Defendant argues that his admissions at trial demonstrate acceptance of responsibility. He contends that waiving his right to remain silent, and admitting to suborning perjury, possession of a firearm and other crimes, support the adjustment. The government responds that defendant only admitted to the perjury plot after the government discovered it and defendant provided only partially true testimony at trial.

A defendant is not entitled to an adjustment for acceptance of responsibility merely because he admits to wrongdoing. See Garcia, 987 F.2d at 1461-62. We have read the record and agree with the district court's assessment that defendant's admissions were untimely and incomplete. This is not the rare case in which a defendant acts in good faith in putting the government to its burden of proof for legitimate reasons other than contesting guilt. See USSG § 3E1.1, comment. (n.2); see also United States v. Janus Indus., 48 F.3d 1548, 1560 (10th Cir.) (noting that defendant's "main regret [was] the fact that he got caught"), cert. denied, 115 S. Ct. 2628 (1995). The district court did not err in finding defendant failed to establish that he was entitled to this adjustment.

## IV

Finally, defendant challenges his sentence enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), which provides for a fifteen-year mandatory minimum sentence for § 922(g) convictions by persons with three prior convictions "for a violent felony or a serious drug offense, or both." Defendant had two convictions that unquestionably qualify, but he contends that the district court erred in determining that his 1981 Oklahoma conviction for distributing eight ounces of marijuana was a "serious drug offense," and that his 1990 conviction for escaping from a detox center was a "violent felony." We review de novo a sentence enhancement imposed pursuant to § 924(e). United States v. Hill, 53 F.3d 1151, 1153 (10th Cir.) (en banc), cert. denied, 116 S. Ct. 258 (1995). The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate. United States v. Green, 55 F.3d 1513, 1515 (10th Cir.), cert. denied, 116 S. Ct. 324 (1995).

The district court found that defendant's 1981 drug conviction was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A), which provides:

(2) As used in this subsection--

(A) the term "serious drug offense" means--

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

Defendant was convicted of violating Okla. Stat. Ann. tit. 63, § 2-401(B)(2) which then provided:

> B.  Any person who violates this section with respect to:
> . . . .
> 2.  Any other controlled dangerous substance classified in Schedule I, II, III, or IV is guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than ten (10) years and a fine of not more than Five Thousand Dollars ($5,000.00).  Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense.

Defendant argues correctly that in 1981, under federal law, distributing eight ounces of marijuana would not have qualified as a serious drug offense because 21 U.S.C. § 841(b)(1)(D) provided for a five-year maximum sentence.  Consequently, the ACCA enhancement would not have applied if that had been a federal conviction.  He contends that state offenses should be treated like the most analogous federal drug offense to ensure equality in sentencing under the ACCA.  This appears to be an issue of first impression in the appellate courts.

We note that the Supreme Court has endorsed a categorical approach to identifying predicate offenses, focusing on the fact of conviction and its statutory definition.  Taylor v. United States, 495 U.S. 575, 588-92 (1990).  The plain language of the statute sets

forth certain federal and state drug convictions as predicate offenses under the ACCA. Section 924(e)(2)(A)(ii) requires that the state offense carry a maximum penalty of ten years or more in prison; the Oklahoma statute defendant violated provided for a maximum ten-year sentence. Although defendant's argument for a rule that promotes equality in sentencing has appeal, we believe the wording of the statute does not permit that interpretation. We hold the district court correctly applied the ACCA enhancement after finding that a preponderance of the evidence established defendant's 1981 drug conviction and sentence.

Because we conclude that defendant's 1981 state drug offense satisfies the statutory requirement as a third conviction for ACCA enhancement purposes, we need not reach the question whether his conviction for escape from a detox center was a "violent felony" under 18 U.S.C. § 924(e)(2)(B).

We REVERSE the conviction for violation of 18 U.S.C. § 924(c)(1), but otherwise AFFIRM.