**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUN 7 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

PETER JOSEPH McMAHON,

      Defendant - Appellant.

No. 98-5081
(D.C. No. 94-CR-176-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. McMahon was originally convicted by a jury for two counts of

possessing a firearm after a former felony conviction, in violation of 18 U.S.C. §

922(g)(1), and a further count of possessing a firearm in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1) & (2). His sentences on

the § 922(g)(1) counts were enhanced pursuant to 18 U.S.C. § 924(e) and USSG §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

4B1.4 because Mr. McMahon had at least three prior convictions for violent felony or controlled substance offenses.

In an earlier appeal, United States v. McMahon, 91 F.3d 1394 (10th Cir. 1996), we held that Mr. McMahon's § 924(c) conviction must be vacated in light of Bailey v. United States, 516 U.S. 137 (1995), and remanded the case for resentencing. The district court sentenced Mr. McMahon to 235 months imprisonment on counts 1 and 2 to run concurrently, as well as a five-year term of supervised release. In this appeal, Mr. McMahon challenges the district court's imposition of a five-year term of supervised release instead of a three-year term, and the court's refusal to reduce his offense level for acceptance of responsibility. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

## Discussion

### A. Term of Supervised Release

Mr. McMahon argues that the district court should have sentenced him to a three-year term of supervised release because the offenses for which he was convicted, 18 U.S.C. § 922(g)(1), were Class C felonies under 18 U.S.C. § 3559(a)(3). As such, the authorized term of supervised release under 18 U.S.C. § 3583(b)(2) is no more than three years. He maintains that the court erred by

including the § 924(e) enhancement as part of "the maximum term of imprisonment authorized" when classifying the § 922(g)(1) offenses pursuant to § 3559(a).  We disagree.

In United States v. LaBonte, 520 U.S. 751 (1997), the Supreme Court considered the meaning of "maximum term authorized," as used in 28 U.S.C. § 994(h), and held that the phrase "must be read to include all applicable statutory sentencing enhancements."  Id. at 753.  Although we acknowledge that the context of 18 U.S.C. § 3559(a) differs from that of 28 U.S.C. § 994(h), we see no reason to depart from a similar "ordinary meaning" reading of § 3559(a).  According to that statute, an offense is classified according to "the maximum term of imprisonment authorized" as a penalty.  18 U.S.C. § 3559(a).  If the maximum term is life imprisonment, it is classified as a Class A felony.  If the maximum term is twenty-five years or more, it is a Class B felony.  A term of less than twenty-five years but ten or more years qualifies as a Class C felony.  See § 3559(a)(1)-(3).  The classification of an offense determines the maximum length of a term of supervised release.  See 18 U.S.C. § 3583(b).

The penalties for violations of 18 U.S.C. § 922(g) are found in 18 U.S.C. § 924.  Subsection 924(a)(2) authorizes a maximum term of imprisonment of ten years.  However, for persons who, like Mr. McMahon, have three previous convictions for a violent felony or serious drug offense, the *minimum* term of

imprisonment is fifteen years; thus the maximum term is life.  See § 924(e)(1).

The Supreme Court's language in LaBonte is apropos here:  "Where Congress has

enacted a base penalty for first-time offenders or nonqualifying repeat offenders,

and an enhanced penalty for qualifying repeat offenders, the 'maximum term

authorized' for the qualifying repeat offenders is the enhanced, not the base,

term."  LaBonte, 520 U.S. at 759.

The "maximum term of imprisonment authorized" for Mr. McMahon is life

imprisonment.  Therefore, his 18 U.S.C. § 922(g)(1) offenses should be classified

as Class A felonies pursuant to 18 U.S.C. § 3559(a)(1).  The district court did not

err in sentencing Mr. McMahon to a five-year term of supervised release pursuant

to 18 U.S.C. § 3583(b)(1).

## B.  Acceptance of Responsibility

Mr. McMahon also challenges the district court's refusal to reduce his

offense level for acceptance of responsibility, arguing that the court should have

considered his post-conviction rehabilitation efforts.  The government responds

that our limited mandate in Mr. McMahon's earlier appeal, see McMahon, 91 F.3d

at 1396, removed the court's jurisdiction on remand to consider making an

adjustment for acceptance of responsibility.  We need not consider this argument

because, even if the district court were authorized to conduct de novo

resentencing, our decision in <u>United States v. Warner</u>, 43 F.3d 1335 (10th Cir. 1994), precludes consideration of Mr. McMahon's post-sentencing conduct at resentencing. Although "de novo resentencing permits the receipt of any relevant evidence the court could have heard at the first sentencing hearing," <u>id.</u> at 1340 (quoting <u>United States v. Ortiz</u>, 25 F.3d 934, 935 (10th Cir. 1994)), "events arising after that time are not within resentencing reach." <u>Id.</u> Thus the district court did not err in refusing to reduce Mr. McMahon's offense level based on his post-sentencing rehabilitative efforts.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge