**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Baseem Shakir WILLIAMS, a/k/a Gregory Burgess, a/k/a Donnell Conklin, a/k/a Warren Kennedy, Defendant–Appellant.**

No. 01–4551.

United States Court of Appeals,
Fourth Circuit.

Argued: June 6, 2002.

Decided: April 17, 2003.

containing the images of Mike were introduced by the government without objection from Ellyson.

**ARGUED:** Andrew Ross Mackenzie, Barrett & Mackenzie, L.L.C., Greenville, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States Attorney, Florence, South Carolina, for Appellee.

Before MICHAEL and GREGORY, Circuit Judges, and Robert R. BEEZER, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Vacated and remanded by published opinion. Senior Judge BEEZER wrote the opinion, in which Judge MICHAEL and Judge GREGORY joined.

## OPINION

BEEZER, Senior Circuit Judge.

Baseem Shakir Williams appeals the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Section 923(e) is a sentencing

enhancement statute for persons who have at least three prior convictions for violent felonies or serious drug offenses. Williams contends that two of his three prior drug convictions cannot serve as predicate offenses under § 924(e) because they were not "serious drug offenses."

We have jurisdiction under 18 U.S.C. § 3742. We conclude that Williams's sentence should be vacated because neither one of his two New Jersey convictions meet the definition of a serious drug offense under § 924(e).

## I

Williams was indicted by a federal grand jury for possessing a firearm transported in interstate commerce after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).[1] Williams pleaded guilty to the charge. As part of the plea agreement, the parties agreed that Williams could contest any use of prior convictions to enhance his sentence under 18 U.S.C. § 924(e).

The Presentence Report ("PSR") stated that three of Williams's prior drug convictions qualified him as an armed career criminal under § 924(e) and U.S.S.G. § 4B1.4(b)(3)(B). According to the PSR, Williams's guidelines range sentence, with the § 924(e) enhancement included, was between 180 and 210 months.

Williams objected to the PSR's conclusion that he qualified as an armed career criminal. Williams conceded that a 1992 North Carolina conviction for felony trafficking in cocaine qualified as a predicate offense under § 924(e). He disputed, though, the PSR's conclusion regarding two 1993 New Jersey convictions, one for possession with intent to distribute cocaine and heroin (in violation of N.J.S. § 2C:35–5) and another for possession with intent to distribute heroin within 1000 feet of school property (in violation of N.J.S. § 2C:35–7).

The district court sentenced Williams, as an armed career criminal, to 180 months imprisonment.[2]

## II

■ We review *de novo* the question whether a prior conviction qualifies as a predicate conviction under § 924(e). *United States v. Brandon,* 247 F.3d 186, 188 (4th Cir.2001).

### A

A person convicted of violating § 922(g) may be subject to an enhanced sentence under § 924(e) as an armed career criminal. Section § 924(e) states that if a person violates § 922(g) "and has three previous convictions ... for a violent felony or a serious drug offense, or both ... such person shall be ... imprisoned not less than fifteen years." A "serious drug offense" is defined as

(i) an offense under the Controlled Substances Act ... for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing or pos-

---

1. 18 U.S.C. § 922(g) states, in part: "It shall be unlawful for any person ... who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce ... any firearm or ammunition."

2. Williams was arrested in New Jersey for possession with intent to distribute on December 18, 1990 and for possession with intent to distribute within 1000 feet of school property on October 5, 1990. He pleaded guilty to both crimes and was sentenced for both crimes on January 29, 1993.

sessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law.

§ 924(e)(2)(A).

Williams disputes the district court's finding that his two New Jersey convictions are "serious drug offenses" as defined by § 924(e)(2)(A). Williams argues that he was not subject to a maximum term of 10 years or more for those offenses, and that they therefore could not serve as predicate offenses under § 924(e).

### B

■ The Government argues that Williams's 1992 North Carolina conviction for felony trafficking in cocaine subjected him to an enhanced New Jersey sentence of up to ten years imprisonment for each of his New Jersey drug offenses. We disagree. Under New Jersey's enhancement scheme, the established fact of a prior conviction does not automatically subject a defendant to an enhanced penalty. The sentencing court may reject the prosecutor's application for enhancement if the court finds that the prosecutor has abused his discretion in submitting the application. See State v. Lagares, 127 N.J. 20, 601 A.2d 698, 705 (1992). The prosecutor did not submit an enhancement application in Williams's New Jersey case, and no evidence in the record shows whether such an application would have been accepted if it had been submitted. The district court erred by finding Williams was in fact subject to ten years imprisonment

for each of his New Jersey offenses and that those convictions were therefore "serious drug offenses."

■ We generally employ a "categorical approach" to determine whether a prior conviction serves as a predicate conviction under § 924(e), pursuant to Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Brandon, 247 F.3d at 188. Under this approach, we will "look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. In cases where the state conviction can be violated in a number of ways, some of which would support enhancement under § 924(e) and some of which would not, the categorical approach permits "the sentencing court [to] go beyond the fact of conviction and the statutory definition of the underlying crime [to] examine the indictment, other charging papers, or jury instructions to determine whether the defendant was charged with a crime that meets the requirements of § 924(e)." Id. (citing Taylor, 495 U.S. at 602, 110 S.Ct. 2143).

The New Jersey statutes under which Williams was convicted, §§ 2C:35–5 and 2C:35–7, may be violated both in ways that qualify as serious drug offenses and in ways that do not. If a person distributes more than five ounces of cocaine in New Jersey, he has committed a first degree crime in violation of §§ 2C:35–5a(1) and 2C:35–5b(1) and is ordinarily subject to a maximum of twenty years imprisonment under § 2C:43–6a(1).[3] Conviction of a

---

3. N.J.S. § 2C:43–6a states:

Except as otherwise provided, a person who has been convicted of a crime may be sentenced to imprisonment, as follows:

(1) In the case of a crime of the first degree, for a specific term of years which shall be fixed by the court and shall be between 10 years and 20 years;

(2) In the case of a crime of the second degree, for a specific term of years which shall be fixed by the court and shall be between five years and 10 years;

(3) In the case of a crime of the third degree, for a specific term of years which shall be fixed by the court and shall be between three years and five years;

first degree crime under New Jersey law will qualify as a "serious drug offense" under § 924(e). If the person distributes less than one-half ounce of cocaine in New Jersey, he has committed a third degree crime in violation of §§ 2C:35–5a(1) and 2C:35–5b(3) and is ordinarily subject to a maximum of five years imprisonment under § 2C:43–6a(3). Conviction of a third degree crime under New Jersey law will not qualify as a "serious drug offense" under § 924(e) because the maximum term of imprisonment prescribed by law is less than ten years. Because the statutes under which Williams was convicted can be violated in a number of ways, some of which would support an enhancement and some of which would not, determination of whether Williams's New Jersey convictions qualify as predicate convictions under § 924(e) may, under *Taylor,* involve examination of "the indictment, other charging papers, or jury instructions." *Brandon,* 247 F.3d at 188 (citing *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143).

Williams's first New Jersey conviction was for possession with intent to distribute less than one-half ounce of cocaine and heroin, in violation of §§ 2C:35–5a(1) and 2C:35–5b(3). Williams's second New Jersey conviction was for possession with intent to distribute an unspecified amount of heroin within 1000 feet of school property, in violation of § 2C:35–7. Both offenses are third degree crimes ordinarily punishable by maximum imprisonment of five years. § 2C:43–6a(3).

■ Section 2C:43–6f, however, states that persons convicted of violating § 2C:35–5 or § 2C:35–7 who were "previously convicted of manufacturing, distributing, dispensing, or possessing with intent to distribute" a controlled substance "shall upon application of the prosecuting attor-

ney be sentenced by the court to an extended term as authorized by [§ 2C:43–7]." Under § 2C:43–7a(4), the maximum sentence for a third degree crime is ten years. Williams was convicted of felony trafficking in cocaine in North Carolina in April 1992. Williams was sentenced for the New Jersey offenses in January 1993. Williams's North Carolina conviction could serve as a predicate offense to his New Jersey offenses.

■ The fact that Williams *could have* had his second sentence extended under New Jersey law, however, does not mean Williams's conviction was for an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." The New Jersey sentencing statute includes procedural safeguards that must be considered before an enhanced term can be imposed. *See* § 2C:43–6(f). Absent exercise of these procedural safeguards, Williams could not have been subject to the enhanced sentence and the maximum term of imprisonment prescribed by law for his crimes is five years.

There are at least three procedural safeguards that must be considered before Williams could be subject to an enhanced sentence. One, the prosecutor must first make an application for an extended term. *Id.* Two, the New Jersey trial court cannot impose an extended term pursuant to § 2C:43–6f unless the prior conviction has been established by the prosecution by a preponderance of the evidence at a hearing. *Id.* Three, the New Jersey trial court is permitted to reject a prosecutor's application for enhancement if the court finds that an abuse of prosecutorial discretion existed in making the application. *Lagares,* 601 A.2d at 705.

(4) In the case of a crime of the fourth degree, for a specific term which shall be

fixed by the court and shall not exceed 18 months.

To subject Williams to an enhancement now, based upon a sentence that he could have received only after the exercise of procedural safeguards, would compromise not only Williams's statutory rights, but his due process rights as well.

This reasoning is not inconsistent with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* requires that any fact that increases the statutory maximum penalty for a crime be submitted to a jury and proven beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348. Even though *Apprendi* carves out an exception for prior convictions, the Court's concern in *Apprendi* was whether the Constitution requires the fact of a prior conviction to be submitted to a jury and proved beyond a reasonable doubt when used to enhance a sentence. *Id.* Here, our question is whether § 924(e) allows us to overlook a state's procedures in determining what constitutes a serious drug offense.

Since § 924(e) leaves the definition of a serious drug offense partly up to the states, states are free to require procedural safeguards, like requiring a prosecutor's application and a judge's review, before permitting an enhanced sentence under state law. Even though prior convictions are released from *Apprendi*'s procedural requirements, they are still subject to New Jersey's procedural requirements. *Apprendi* determines only what the Constitution requires and does not bear on what it takes under New Jersey law to earn an enhancement.

As the New Jersey Supreme Court made clear in *State v. Lagares,* the State has a great interest in ensuring that sentencing enhancements be carried out in a fashion that limits potential prosecutorial arbitrariness or abuse. 601 A.2d at 704–05; *see also,* Directive Implementing Guidelines For Determining Whether to Apply For An Extended Term Pursuant to N.J.S.A. 2C:43–6(f), April 20, 1992. This separate prosecutorial discretion concern takes the statute beyond the prior conviction exception recognized by *Apprendi.* Instead, we find here an independent, clearly articulated procedural requirement that must be satisfied before a sentence can exceed the statutory maximum of 5 years. Accordingly, it is vital that our interpretation of New Jersey law not vitiate the requirement that a state court review applications for enhancement.

### C

The Government contends that even if Williams's New Jersey offenses did not subject him to ten years imprisonment under New Jersey law, the offenses would have subjected him to ten years if they were prosecuted under Federal law. The convictions would then count as predicate offenses under § 924(e). The Government argues that it makes no difference whether a defendant's conviction is obtained in state or federal court so long as the maximum penalty for the same offense is ten years or more under either state or federal law. The Government's reading of § 924(e) does not comport with the plain language reading of the statute.

The Tenth Circuit addressed the converse of this question in *United States v. McMahon,* 91 F.3d 1394 (10th Cir.1996). McMahon argued that, although his state conviction carried a penalty of ten years or more in state prison, the same offense would only subject him to five years under federal law. *Id.* at 1398. He contended that "state offenses should be treated like the most analogous federal drug offense to ensure equality in sentencing under the [Armed Career Criminal Act]," and that therefore his state conviction did not qualify as a predicate offense under the Act. *Id.* The Tenth Circuit rejected McMahon's ar-

gument, holding that "the wording of [§ 924(e)] does not permit that interpretation." *Id.*

A serious drug offense, under § 924(e)(2)(A), is defined as a conviction for either "(i) an offense under the Controlled Substance Act ... for which a maximum term of imprisonment of ten years or more is prescribed by law ... or (ii) an offense under State law, involving ... a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law." Subsection (i) defines which federal crimes qualify and subsection (ii) defines which state crimes qualify as a serious drug offense. The disjunctive structure indicates that subsections (i) and (ii) are mutually exclusive. That is, a crime may qualify as a serious drug offense by meeting all the requirements of (i) or all the requirements of (ii), but not some of the requirements of (i) and some of (ii). The Government's argument that a state crime offense can qualify as a "serious drug offense" under subsection (i) does not comport with a plain reading of the statute.

A comparison between different subsections of § 924 reinforces the conclusion that the government's argument is inconsistent with the plain reading of the statute. The definition of a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) is, in part, "any felony punishable under the Controlled Substance Act." This definition, by way of the phrase "punishable under," includes crimes under state law which are potentially punishable under federal law, even absent an actual federal charge or conviction. In contrast, the definition of a "serious drug offense" under § 924(e)(2)(A)(i) is limited to offenses "under the Controlled Substance Act." The omission of the phrase "punishable under" from § 924(e)(2)(A)(i) is instructive. Giving meaning to every word in § 924 requires interpreting the definition of a "serious drug offense" more narrowly than the definition of a "drug trafficking crime." Unlike a drug trafficking crime, an actual, as opposed to possible, conviction under the Controlled Substances Act is required for a serious drug offense. Had Congress intended for state crimes to qualify as serious drug offenses based on their similarity to violations of the Controlled Substances Act, Congress would have included the phrase "punishable under" in § 924(e)(2)(A)(i) as it did in its definition of drug trafficking crime under § 924(c)(2).

The Government cites one out-of-circuit district court case in support of its reading of § 924(e), *United States v. Rissmiller*, 905 F.Supp. 216, 221 (M.D.Penn.1994). The *Rissmiller* court stated that a serious drug offense under § 924(e) is "an offense that under federal or state law would carry a maximum term of 10 years or more." *Id.* at 221. The district court cited no authority for this proposition and did not explain its reasoning. *See id.* In addition, the court found that both federal and state law provided for penalties of greater than ten years for the defendant's crime, meaning that the quoted holding was not necessary to the court's disposition. *Rissmiller* is unpersuasive. We are not able to accept the Government's argument.

## CONCLUSION

Williams's sentence is vacated and this case is remanded to the district court for resentencing.

*VACATED AND REMANDED*