FILED
United States Court of Appeals
Tenth Circuit

February 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

VATO TAHGUV,

      Defendant-Appellant.

No. 07-4003
(D.C. No. 1:05-CR-150-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Vato Tahguv appeals his conviction for possession of a firearm and

ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and his sentence of

15 years' imprisonment. In a brief filed pursuant to Anders v. California, 386

U.S. 738 (1967), Tahguv's counsel moves for leave to withdraw. We **DISMISS**

this appeal and **GRANT** counsel's motion to withdraw.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

# I

On August 24, 2006, Tahguv pleaded guilty to a single count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). During his change of plea hearing, the district court conducted an extensive Rule 11 colloquy. The court emphasized that if the government's calculation of his criminal history was correct, Tahguv would face a statutory mandatory minimum of 15 years' imprisonment under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e).[1] Acknowledging that he understood this potential sentence, Tahguv opted to proceed with his change of plea. In doing so, Tahguv admitted that he had knowingly possessed both a firearm and ammunition. Upon completion of the colloquy, the district court accepted Tahguv's guilty plea.

Tahguv's presentence report ("PSR") calculated a base offense level of 24 and a criminal history category of VI. According to the PSR, three of Tahguv's prior offenses qualified him as an "armed career criminal" under the ACCA and U.S.S.G. § 4B1.4(a). These offenses were: (1) escape from official custody, a third degree felony punishable by up to 5 years' imprisonment; (2) assault by a prisoner, also a third degree felony punishable by up to 5 years' imprisonment; and (3) possession or distribution of methamphetamine with a minor present, a

---

[1] By the date of his change of plea hearing, the government had already notified Tahguv of the specific predicate offenses it intended to rely upon as support for an ACCA enhancement.

second degree felony punishable by 1 to 15 years' imprisonment. Based on these convictions, Tahguv's offense level was raised to 33. See U.S.S.G. § 4B1.4(b)(3)(B). After a three-level reduction for acceptance of responsibility, his total adjusted offense level was 30. See § 3E1.1. Because the ACCA mandates a minimum prison sentence of 15 years (180 months) for offenders to whom it applies, the Guidelines provided for a sentencing range of 180 to 210 months' imprisonment.

On November 16, 2006, the district court convened a sentencing hearing. Before it could proceed, however, Tahguv provided the court with a letter requesting permission to withdraw his guilty plea because he had received "insufficient counsel" and had been scared into accepting the government's plea bargain. In response, the district court stopped the sentencing proceeding. It then referred the case to a magistrate judge to determine whether, in light of the allegations contained in the letter, Tahguv's appointed counsel should be removed. After holding a hearing on the issue and considering Tahguv's arguments, the magistrate found that it was not necessary to remove Tahguv's counsel from representation.

At Tahguv's rescheduled sentencing hearing, Tahguv again asserted that he wished to withdraw his plea and that he was unsatisfied with his counsel. Although he continued to admit that he had possessed ammunition at the time of his arrest, Tahguv denied possessing a firearm. Considering his arguments for

withdrawal in light of the factors set forth in <u>United States v. Black</u>, 201 F.3d 1296, 1299-1300 (10th Cir. 2000), the district court concluded that Tahguv should not be permitted to withdraw his plea. It then proceeded to sentence Tahguv to 180 months' imprisonment, the statutory minimum sentence and bottom of the applicable Guidelines range.

## II

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." <u>Anders</u>, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. <u>Id.</u> The client may then "raise any points that he chooses" in response to counsel's brief. <u>Id.</u> If, upon complete examination of the record, the court agrees that an appeal would be frivolous, it may grant the request to withdraw and dismiss the appeal. <u>Id.</u>

Acting pursuant to <u>Anders</u>, counsel requested that this court provide Tahguv with a copy of the appellate brief. We did so. Tahguv has not filed a pro se brief in response. Counsel's brief raises two arguably appealable issues: (1) whether the district court abused its discretion in denying Tahguv's attempt to withdraw his guilty plea, and (2) whether the district court properly applied an ACCA enhancement to Tahguv's sentence.

## A

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a guilty plea "before [the district court] imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." In evaluating whether such a reason exists, a district court must consider:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; [and] (7) whether the granting of the motion would cause a waste of judicial resources.

Black, 201 F.3d at 1299-1300. "We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." United States v. Jones, 168 F.3d 1217, 1219 (10th Cir. 1999).

Analyzing these factors, the district court concluded that Tahguv had failed to show the existence of a fair and just reason for withdrawal. For substantially the same reasons articulated by the court, we conclude that it did not abuse its discretion in denying Tahguv's attempt to withdraw his plea.

First, Tahguv did not assert that he was innocent of the crime for which he was convicted. Although he attempted to recant his admission that he possessed a firearm, he consistently admitted possessing ammunition, which alone is

sufficient for conviction under 18 U.S.C. § 922(g).[2]  See United States v. Siedlik, 231 F.3d 744, 749 (10th Cir. 2000).

Second, allowing Tahguv to withdraw his guilty plea would prejudice the government.  Because Tahguv's plea was entered only four days before his scheduled trial, a withdrawal would require the government to duplicate its trial preparation efforts.  See id.  Additionally, a witness originally scheduled to testify at Tahguv's trial on behalf of the government has already been granted leniency on several charges, and as a result, may no longer be willing to testify at a rescheduled trial.

Third, Tahguv delayed in making his request to withdraw.  He entered his plea on August 24, 2006, and did not request its withdrawal until November 13, 2006, immediately prior to his scheduled sentencing.  See United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999) (denying withdrawal where defendant "delayed his motion to withdraw until the eve of sentencing").  Fourth, the court would be inconvenienced.  See United States v. Graham, 466 F.3d 1234, 1238 (10th Cir. 2006) (recognizing the "obvious inconvenience" to the court of scheduling a new trial after the court had "expended significant resources" by previously scheduling trial).

---

[2]  In relevant part, section 922(g) provides:  "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." (emphasis added).

As to the fifth factor, although Tahguv alleged that his counsel failed to fully explain the elements of his crime and help him with his motion to withdraw, he attested in his signed statement before his plea that he was satisfied with counsel. He confirmed these sentiments during his Rule 11 colloquy. Moreover, the district court explicitly found that "the defendant has had competent assistance of counsel through every step of this case."

Sixth, the district court conducted a thorough Rule 11 colloquy wherein Tahguv acknowledged his guilt, swore that his plea had not been induced, and stated that he understood everything the court explained as required by Rule 11, thereby indicating that his plea was knowing and voluntary. See id. at 1239. For the same reasons that the court would be inconvenienced by a plea withdrawal, judicial resources would also be wasted. In short, each of the relevant factors bears against allowing Tahguv to withdraw his plea, and thus the district court did not abuse its discretion in concluding that the interests of justice did not warrant withdrawal.

**B**

Tahguv seeks to appeal the district court's application of the ACCA enhancement to his sentence. In his plea agreement, however, Tahguv waived his right to appeal his sentence unless "the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable." We will enforce a waiver of appellate rights if: (1) the issue appealed falls within

the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcement would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Considering these factors, we conclude that Tahguv's waiver is enforceable.

As an initial matter, the court's imposition of the ACCA enhancement to Tahguv's sentence was not unreasonable: It was mandated by statute. See 18 U.S.C. § 924(e). Nor was imposition of the enhancement unlawful. Two of Tahguv's prior crimes qualified as "violent felonies,"[3] and a third qualified as a "serious drug offense." See § 924(e)(1) (enhancement applies if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both"). We have previously held that all escapes are classified as violent felonies because they create an inherent risk of physical injury. United States v. Moudy, 132 F.3d. 618, 620 (10th Cir. 1998).

Tahguv's conviction for assault by a prisoner also falls within the definition of a violent crime. One element of the statute under which he was convicted is "commission of assault," which by definition requires the use of force. Utah Code Ann. § 76-5-102.5. Each of these crimes is punishable by more

---

[3] A violent felony is defined as a crime punishable by imprisonment for more than one year, which "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

than a one year term of imprisonment. Thus, both prior convictions were properly identified as ACCA predicates.

As to his third predicate offense, Tahguv's PSR indicates that he was convicted for "possession or distribution" of a controlled substance in the presence of a minor, a second-degree felony carrying a maximum penalty of 15 years' imprisonment. Utah Code Ann. § 58-37-8. A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more" applies. 18 U.S.C. § 924(e)(2)(A)(ii). We look to the face of the statute of conviction, rather than individual offense conduct, to determine whether a conviction satisfies this definition. See, e.g., United States v. McMahon, 91 F.3d 1394, 1398 (10th Cir. 1996).

Section 58-37-8 criminalizes a number of drug offenses. The record before us does not clearly indicate whether Tahguv was actually convicted of distribution, which would satisfy the definition of a "serious drug offense," or of mere possession, which would not. Counsel's Anders brief, however, asserts that Tahguv pleaded guilty to an amended charge which specifically identified his crime as "distribution."[4] Tahguv was given the opportunity to respond to

---

[4] Tahguv's PSR identifies the relevant conviction as "Possession or Distribution of Controlled Substance with Minor Present" and states that,

(continued...)

- 9 -

counsel's <u>Anders</u> brief by filing a pro se brief in which he could have contested the factual basis for this claim.  It is appellant's responsibility to provide the appellate court with any portions of the record that support his claims.  <u>See</u> <u>Scott v. Hern</u>, 216 F.3d 897, 912 (10th Cir. 2000).  Where the record is insufficient to permit assessment of a claim, it must fail.  <u>Id.</u>  Our examination of the record leads us to conclude that Tahguv has failed to raise a nonfrivolous claim that this past offense did not constitute a "serious drug offense."  Because the ACCA enhancement was not imposed contrary to law, it falls within the scope of his waiver of appellate rights.

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to . . . whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily . . . [and] for an adequate Federal Rule of Criminal Procedure 11 colloquy."  <u>Hahn</u>, 359 F.3d at 1325 (citations omitted).  Tahguv's Rule 11 colloquy was complete and adequate.  His plea agreement includes the statement:

> My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs,

---

[4](...continued)
following a routine traffic stop, police found small pieces of marijuana and two small baggies of methamphetamine in a car Tahguv was driving.

- 10 -

medication or intoxicants.  I have no mental reservations concerning the plea.

There is no indication in the record that enforcement of Tahguv's plea would result in a miscarriage of justice under <u>Hahn</u>, 359 F.3d at 1327.  If Tahguv wishes to challenge the effectiveness of his counsel in connection with the negotiation of his plea agreement, he must do so collaterally pursuant to 28 U.S.C. § 2255.  <u>See</u> <u>Galloway</u>, 56 F.3d at 1240.  His plea waiver is otherwise enforceable.

## III

We **DISMISS** Tahguv's appeal and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge