FILED
United States Court of Appeals
Tenth Circuit

May 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM CONAN THRASHER,

Defendant - Appellant.

No. 19-6100
(D.C. No. 5:18-CR-00221-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **MATHESON**, Circuit Judges.
_____

Defendant-Appellant William Conan Thrasher (Thrasher) pleaded guilty to one

count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). At sentencing, the district court determined Thrasher had three prior

convictions which qualified as predicate offenses under the Armed Career Criminal

Act (ACCA). As a result, Thrasher was sentenced to 180 months, the statutory

mandatory minimum sentence. Thrasher appeals the district court's ruling that his

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma drug convictions qualify as serious drug offenses under the ACCA. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Thrasher pleaded guilty, without a plea agreement, to being a felon in possession of a firearm. ROA Vol. I at 5, 8. The Presentence Report (PSR) identified both of Thrasher's prior drug convictions under Oklahoma law as "qualifying predicate offense[s] for the Armed Career Criminal designation pursuant to USSG § 4B1.4." *Id.* Vol. II at 16, 18.[1] Thrasher objected to the use of the Oklahoma convictions as qualifying predicate offenses. *Id.* at 35–36.

A conviction under § 922(g) normally carries a statutory mandatory maximum sentence of ten years. 18 U.S.C. § 924(a)(2). If, however, the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both," a statutory mandatory minimum sentence of fifteen years applies. 18 U.S.C. § 924(e)(1). Pursuant to § 924(e)(2)(A)(ii), a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ." 18 U.S.C. § 924(e)(2)(A)(ii); *see also id.* The Oklahoma statute under which Thrasher was convicted declares it unlawful for any person to "distribute, dispense, transport with intent to distribute or dispense, or solicit the use of or use the services of a person less than eighteen (18) years of age to cultivate, distribute or dispense a controlled dangerous substance or

---

[1] Thrasher also pleaded guilty to bank robbery, which no one disputes is a predicate crime under the ACCA. ROA Vol. II at 20–22.

possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance." 63 Okla. Stat. § 2-401(A)(1) (1994); *see also id.* at 36.

In the PSR prepared prior to Thrasher's sentencing, the Probation Officer cited *United States v. McMahon*, 91 F.3d 1394 (10th Cir. 1994) as holding that the Oklahoma statute giving rise to Thrasher's convictions is a "serious drug offense" for purposes of the ACCA. *Id.* at 36. The Probation Officer also rejected Thrasher's arguments that a marijuana offense or small quantity offense did not qualify as a "serious drug offense," again citing *McMahon*, and finally stated: "[a]s explained [in *McMahon*], the categorical approach applies, and thus all that can be considered is whether the state statute fits the definition set forth in § 924(e)(2)(A)(ii). The defendant's actual conduct, whether set forth in police reports or otherwise, is irrelevant to the ACCA determination." *Id*.

Thrasher detailed his objections in his sentencing memorandum, arguing first that mandatory minimums are unconstitutional, that his prior drug convictions should not qualify under the ACCA because of the age of the convictions and relevant conduct involved, and finally that state convictions should not be counted at all because to do so violates due process. *Id.* Vol. I at 14–18. At sentencing, Thrasher reasserted his objections previously made in his sentencing memorandum. *Id.* Vol. III at 15–19. The district court rejected his arguments:

> I am going to overrule the objections. I think the probation office has delineated my reasons as well as I could, but the statute clearly calls for a mandatory minimum and I'm bound by that statute and I know of no authority anywhere that suggests that that is unconstitutional or that the

3

> use of prior drug convictions, even though they're marijuana, is unconstitutional, so I will overrule those objections.

*Id.* Vol. III at 21.

Thrasher raises a new argument on appeal. He argues that, when applying the categorical approach, the Oklahoma statute is broader than the ACCA's definition of a serious drug offense, because it includes a solicitation clause. In response, the Government also raises a new argument: the Oklahoma drug statute is divisible, which requires application of the modified categorical approach. Thrasher replies that the modified categorical approach does not apply, but that even if it did, the Government has not met its burden to prove his prior convictions qualify for the ACCA enhancement.

## II

The parties disagree on which standard of review applies. The Government maintains that we should review Thrasher's sentence for plain error, as he did not raise these arguments before the district court. Thrasher argues, citing *United States v. Titties*, 852 F.3d 1257, 1264 (10th Cir. 2017), that regardless of the arguments previously asserted, if his sentence is illegal, he is entitled to de novo review. We disagree. *Titties* holds only that de novo review and plain error will reach the same result if the defendant had received an illegal sentence. *Id. Titties* does not hold that de novo review applies whenever a defendant contends that an ACCA enhancement was wrongly applied.

4

As Thrasher did not argue before the district court that his Oklahoma drug convictions do not come within the ACCA's definition of "serious drug offenses," we review for plain error. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018).

### III

To determine if a state conviction is a serious drug offense, we would ordinarily apply the so-called "categorical" approach, taking the elements of the statute under which the defendant was convicted and comparing them to the ACCA's definition of a "serious drug offense." *See United States v. Kendall*, 876 F.3d 1264, 1267 (10th Cir. 2017). But if the statute, like the Oklahoma statute at issue, has several clauses in the same statutory provision, we must determine whether the clauses are elements or means. *Id.* at 1268; *see also Titties*, 852 F.3d at 1267 ("'Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction. . . By contrast, means are 'various factual ways of committing some component of the offense.'") (citing *Mathis v. U.S.*, 136 S.Ct. 2243, 2248–49 (2016)).

If the Oklahoma statute's clauses are elements, then the statute is divisible because it defines more than one crime. *Kendall*, 876 at 1268. In that case, to determine Thrasher's crime of conviction, we apply the "modified categorical approach," which "'. . .permits sentencing courts to consult a limited class of

5

documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.'" *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016) (citing *Descamps v. U.S.*, 570 U.S. 254, 257 (2016).

Finally, we then return to the categorical approach, and compare the elements of Thrasher's prior crime to the ACCA's definition of "serious drug offense" to determine if the enhancement was properly applied.

We have identified several ways of determining whether a statute lists elements or means. "[T]he statute on its face will [sometimes] provide the answer . . . For example, '[i]f statutory alternatives carry different punishments, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], they must be elements.'" *Titties*, at 1267–68 (citing *Mathis*, 136 S.Ct. at 2256).

That is the case here. Solicitation is an element because the statute provides additional punishment for solicitation offenses. Thus, we easily conclude that the statute is divisible. *See* 63 Okla. Stat. § 2-401(D) (1994) (providing for double the fine and term of imprisonment otherwise authorized when a defendant is over the age of 18 and violates the solicitation provision); *see also Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").[2] Having concluded the statute is divisible, we

---

[2] Thrasher argues that, because the same increased penalty could apply to a second or subsequent felony violation, no enhanced penalty applied. Aplt. Reply Br. at 7 ("In other words, with respect to Mr. Thrasher's second Oklahoma statutory

turn to the modified categorical approach to determine which crime was the basis for Thrasher's convictions. *See United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (internal citations omitted).

IV

To determine the crime of conviction, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S.Ct. at 2249 (citing *Shepard v. U.S.*, 544 U.S. 13, 26 (2005)). However, the parties agree that no *Shepard* documents were directly presented to the sentencing court. The Government suggests we can rely on either the PSR or the *Shepard* documents it has now submitted on appeal.

**A.     The PSR**

We cannot rely solely on the PSR presented in this case to determine the crime of conviction. The Government's argument rests in part on Thrasher's failure to object to "the *facts* of [his] convictions." Aple. Br. at 11 (emphasis in original). But as Thrasher observes, the parties, the probation office, and the district court all applied the categorical approach, which would not have caused Thrasher to object if *Shepard* documents were lacking. More importantly, courts have required that, in order to rely solely on the PSR to determine the crime of conviction, the PSR must be

---

violation . . . the solicitation or use-of-a-minor provision in the statute carried with it *no* enhanced penalty as compared to the other means of violating the statute."). But the statute need not apply an *enhanced* penalty for the defendant's particular conviction; it need only apply an *increased* penalty for the relevant provision.

7

derived from *Shepard* documents. *See, e.g., United States v. Taylor*, 413 F.3d 1146, 1157–58 (10th Cir. 2005) (remanding because the record did not show whether the documents on which the PSR relied complied with *Shepard*); *see also United States v. Dantzler*, 771 F.3d 137, 145 n.3 (2d Cir. 2014) (collecting cases). Here, nothing in the record supports the conclusion that the PSR relied on *Shepard* documents. The PSR's relevant paragraphs, ¶¶ 36 and 40, cite only "reports from the Midwest City Police Department," and "Information."[3] *See* ROA Vol. II at 16 and 18.

We note that even the published cases the Government cites discuss the availability of *Shepard* documents as support for the district court's rulings. For example, *Snyder* comments, in the context of a § 2255 motion when evaluating whether the district court relied on the enumerated or residual clause, that "it would have been permissible for the district court to examine the underlying charging documents and/or jury instructions to determine if Snyder was charged only with burglary of buildings. *And the PSR in Snyder's case actually did just that, without any objection from Snyder.*" *United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017) (emphasis added). In *Harris*, we noted that "the record indicates that the [district] court had before it some of the court records from Harris's prior crimes . . . It thus appears from this record that the [district] court relied on Harris's admissions *as well as documents sanctioned by Shepard* to conclude the prior crimes were

---

[3] The "Information" referenced in the PSR is presumably the document titled "Information to Establish Prior Convictions" filed by the Government before the district court. See Notice of Prior Convictions, ECF No. 20, Case No. 5:18-cr-221 (W.D. Ok. Oct. 1, 2018).

committed on different occasions." *United States v. Harris*, 447 F.3d 1300, 1306

(10th Cir. 2006) (emphasis added).

### B.    Attached Documents

The Government did attach relevant *Shepard* documents to its appellate brief.

Aple. Br. at 13 n.6; *see also* Judgment and Sentence, District Court of Oklahoma

Cmty., OK, Case No. CF-95-7704 (Judgment 1) *and* Judgment and Sentence, District

Court of Oklahoma Cmty., OK, Case No. CF-96-5184 (Judgment 2). As the

Government notes, we may take judicial notice of these documents. *See* Fed. R. Evid.

201(c), (d), *and* Advisory Committee Note to (f) ("[J]udicial notice may be taken at

any stage of the proceedings, whether in the trial court or on appeal."); *see also St.

Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.

1979) ("[F]ederal courts, in appropriate circumstances, may take notice of

proceedings in other courts, both within and without the federal judicial system, if

those proceedings have a direct relation to matters at issue.") (citations omitted),

*United States v. Burris*, 912 F.3d 386, 396 (6th Cir. 2019) ("We have taken judicial

notice of *Shepard* documents in similar circumstances before.") (collecting Sixth

Circuit cases).

Thrasher objects and argues that even if we take judicial notice of the

documents, they do not provide enough information to determine which provision

served as a basis for his guilty pleas. However, the only provision Thrasher argues

might not qualify as a predicate offense would be if he were charged under a

solicitation clause. Both Judgments make clear that Thrasher was engaging in

9

distribution of a controlled dangerous substance, not solicitation; Judgment 2 even mentions the substance in question. Thus, the documents establish that Thrasher's prior Oklahoma drug crimes are for possession with intent to distribute, which would match the ACCA's definition of a serious drug offense.

V

Even if the district court committed plain error by applying only the categorical approach, Thrasher could not satisfy the third or fourth prongs of the plain error standard. The *Shepard* documents which are now before us support the conclusion that Thrasher's prior convictions were correctly treated as serious drug offenses under the ACCA. His sentence is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge