**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5134**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DOYLE EDWARD GILLESPIE,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:09-cr-00280-GRA-1)

_____

Submitted:  November 30, 2010          Decided:  January 3, 2011

_____

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher R. Antley, DEVLIN & PARKINSON, P.A., Greenville, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Doyle Edward Gillespie pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). He was sentenced to forty-six months' imprisonment. Gillespie's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but questioning whether the sentencing court properly counted certain prior convictions in determining Gillespie's criminal history category and in calculating his advisory Guidelines range. Gillespie was notified of his right to file a pro se supplemental brief but has not done so. The Government declined to file a response. Finding no reversible error, we affirm.

This court reviews a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, the court considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

This court presumes that a sentence within a properly calculated Guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 346-56 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Gillespie's counsel suggests the district court erred in calculating Gillespie's criminal history category under the Sentencing Guidelines. Specifically, he maintains the district court improperly counted towards Gillespie's criminal history points Gillespie's prior sentences for state violations of a protective order. In assessing a sentencing court's Guidelines applications, this court reviews its legal conclusions de novo and its factual findings for clear error. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

First, Gillespie claims he should not have received one point for the first protective order violation and then two more points for the second protective order violation because the offenses arose out of the same series of events and because he was sentenced for both offenses on the same day. This argument is without merit. The presentence report reveals Gillespie's two sentences were the result of two separate arrests and therefore they were properly counted as separate prior offenses in calculating his criminal history category. See U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(a)(2) (2008) (noting that prior sentences "always" are counted

3

separately if the offenses were "separated by an intervening offense").

Gillespie challenges the inclusion of these same sentences on the second ground that a violation of a protective order is not a criminal offense. This argument, too, is without merit as the statute under which Gillespie was sentenced, Va. Code Ann. § 16.1-253.2 (2010), defines a violation of a protective order as a Class 1 misdemeanor, for which Gillespie received over thirty days' imprisonment. See also USSG § 4A1.2(c)(1) (sentence of thirty days or more for criminal contempt of court, and offenses similar to it, is counted in a defendant's criminal history).

Gillespie's last challenge to the inclusion of his sentences for violations of a protective order is on the ground that the Virginia court that accepted his guilty plea and sentenced him for these offenses, the Virginia Juvenile and Domestic Relations District Court ("J & D court"), lacked the authority to impanel a jury. According to Gillespie, because the J & D court has no authority to impanel a jury, the inclusion of these convictions in his criminal history category calculations violated his right to a trial by a jury and, therefore, was inappropriate. However, as defense counsel concedes, Gillespie was entitled to appeal any verdict issued by the J & D court to the Virginia circuit court, where he could

have received a de novo jury trial if he so chose. Va. Code Ann. § 16-1-296(E) (2010). Accordingly, Gillespie's sentences for his violations of a protective order were properly included in the calculation of his criminal history points.

Gillespie's last argument is that the sentencing court improperly treated his prior South Carolina conviction for third degree arson as a "crime of violence," raising his offense level from fourteen to twenty. This court reviews de novo whether a prior conviction qualifies as a "crime of violence" for purposes of a sentencing enhancement. United States v. Williams, 326 F.3d 535, 537 (4th Cir. 2003).

The probation officer assessed a base offense level of twenty under USSG § 2K2.1(a)(4)(A) because Gillespie committed the instant offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance," namely, third degree arson. A "crime of violence," as used here, see § 2K2.1 cmt. n.1, is defined in USSG § 4B1.2(a) as –

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

5

USSG § 4B1.2(a).

In determining whether a conviction qualifies as a crime of violence under the Sentencing Guidelines, this court uses the "categorical approach." United States v. Seay, 553 F.3d 732, 737 (4th Cir.) (citations omitted), cert. denied, 130 S. Ct. 127 (2009); see also Taylor v. United States, 495 U.S. 575, 600-02 (1990). Under this approach, the court must consider an offense "generically" — i.e., "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141 (2008) (citing Taylor, 495 U.S. at 602). Thus, the court may look only to the fact of conviction and the statutory definition of the prior offense. Taylor, 495 U.S. at 602.

A person is guilty of third degree arson in South Carolina when that person willfully and maliciously

> (1) causes an explosion, sets fire to, burns, or causes a burning which results in damage to a building or structure other than those specified in subsection (A) or (B), a railway car, a ship, boat, or other watercraft, an aircraft, an automobile or other motor vehicle, or personal property; or

> (2) aids, counsels, or procures a burning that results in damage to a building or structure other than those specified in subsection (A) or (B), a railway car, a ship, boat, or other watercraft, an aircraft, an automobile or other motor vehicle, or personal property with intent to destroy or damage by explosion or fire; whether the property of himself or another, is guilty of arson in the third degree and,

6

upon conviction, must be imprisoned not less than one and not more than ten years.

S.C. Code Ann. § 16-11-110(C) (2010). We have recently held that the modern, generic crime of arson involves the burning of real or personal property. United States v. Knight, 606 F.3d 171, 174 (4th Cir. 2010). Because the South Carolina arson statute substantially corresponds to the generic, contemporary definition of arson, we conclude that a conviction under the statute is a crime of violence for Guidelines purposes. The district court therefore did not err in relying on Gillespie's arson conviction to increase his base offense level to twenty.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gillespie, in writing, of his right to petition the Supreme Court of the United States for further review. If Gillespie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gillespie. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED