**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4697**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS TERRELLE MARSH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:17-cr-01197-TLW-1)

Submitted: July 22, 2019                    Decided: August 2, 2019

Before KING, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arthur Kerr Aiken, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the denial of a motion to suppress, Marcus Terrelle Marsh pled guilty pursuant to a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2012). The Government notified Marsh that he was subject to an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012). As part of the plea agreement, Marsh reserved the right to appeal the denial of the motion to suppress and any determination at sentencing concerning his status as an armed career criminal. At sentencing, the district court overruled Marsh's objection to his status as an armed career criminal and sentenced him to 180 months in prison. Marsh noted this timely appeal.

Marsh contends that the district court erred in denying his motion to suppress. He argues that Corporal Brandon Eggleston of the Benedict College Police Department did not have a valid constable's commission and was outside of his jurisdiction when Eggleston stopped him. In reviewing the denial of a motion to suppress, "we review legal conclusions de novo and factual findings for clear error." *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we consider the evidence in the light most favorable to the Government." *Id.*

> A court reviewing for clear error may not "reverse a lower court's finding of fact simply because [it] would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed."

*United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

2

The district court found that Eggleston's constable commission was valid and he was within his jurisdiction when he stopped Marsh on July 25, 2017. In South Carolina, campus police "officers must be commissioned as constables pursuant to Section 23-1-60 and take the oath of office prescribed by law and the state Constitution for those officers." S.C. Code Ann. § 59-116-20 (2004). The duration of appointments is governed by a separate statute:

> All appointments of deputies, constables, security guards, and detectives appointed pursuant to this section without compensation expire sixty days after the expiration of the term of the Governor making the appointment. Each Governor shall reappoint all deputies, constables, security guards, and detectives who are regularly salaried as provided for by law within sixty days after taking office unless the deputy, constable, security guard, or detective is discharged with cause as provided for by law.

S.C. Code Ann. § 23-1-60(B) (Cum. Supp. 2018).

Governor Nikki Haley issued Eggleston's commission on April 26, 2015. She resigned in January 2017, and Henry McMaster assumed the office. Governor McMaster did not issue a new commission to Eggleston. Marsh argues, therefore, that Eggleston's commission expired in March 2017, 60 days after Governor Haley's resignation.

We disagree. Eggleston's commission "expire[d] sixty days after the expiration of the term of the Governor making the appointment." S.C. Code Ann. § 23-1-60(B). At the time of the stop, the four-year term to which Governor Haley was elected had not expired. Thus, Eggleston had a valid constable's commission when he stopped Marsh. *See* 1965 S.C. Op. Atty. Gen. 108, 1965 WL 8665 (May 5, 1965) ("[S]uch appointments continue for the term to which the Governor was elected and do not expire upon resignation of appointing Governor.").

3

We also conclude that Eggleston acted within his jurisdiction. "The jurisdiction of [campus police officers] is limited to the campus grounds and streets and roads through and contiguous to them." S.C. Code Ann. § 59-116-20. "Campus" is defined as "the grounds and buildings owned and occupied by a college or university for education purposes and streets and roads through and contiguous to the grounds." S.C. Code Ann. § 59-116-10(1) (2004). "Campus police officers may arrest persons outside the territory described in [§ 59-116-10(1)] when the person arrested has committed a criminal offense within that territory, and the arrest is made during the person's immediate and continuous flight from that territory." S.C. Code Ann. § 59-116-30(B) (2004). After reviewing the record, we conclude that the district court did not err in finding that Eggleston was within his jurisdiction when he stopped Marsh.

Marsh next challenges his designation as an armed career criminal. At sentencing, the district court found that Marsh had three prior convictions for a serious drug offense, which qualified him as an armed career criminal pursuant to 18 U.S.C. § 924(e). A defendant qualifies as an armed career criminal if he violates § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Determining whether an offense constitutes an ACCA predicate is an

4

issue of law, which we review de novo. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017).

"We generally employ a categorical approach to determine whether a prior conviction serves as a predicate conviction under § 924(e)[.]" *United States v. Williams*, 326 F.3d 535, 538 (4th Cir. 2003). The categorical approach requires a consideration of whether "the elements of the prior offense . . . correspond in substance to the elements of the enumerated offense," irrespective of the actual facts underlying the conviction. *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017). (alteration, brackets, and internal quotation marks omitted). *See also Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016).

When a state statute is divisible, however, we apply the modified categorical approach. *Mathis*, 136 S. Ct. at 2249. A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* A statute is not divisible if it "enumerates various factual means of committing a single element," rather than "lists multiple elements disjunctively." *Id.* Elements of an offense "are factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (internal quotation marks omitted).

If a state statute is divisible, a court must then determine which crime forms the basis of the conviction. *Mathis*, 136 S. Ct. at 2249. Pursuant to the modified categorical approach, a court may consider a "limited class of documents" approved by the Supreme

5

Court to determine the particular crime of conviction (*Shepard** documents). *Id.* The court then compares the elements of that crime with the generic federal definitions. *Id.* at 2249, 2256.

Marsh contends that his South Carolina drug convictions do not qualify as ACCA predicates because the statutes are not divisible and include a prohibition on the purchase of controlled substances, which is broader than the definition of a serious drug offense in the ACCA. We recently held otherwise. *United States v. Furlow*, __ F.3d __, No. 18-4531, 2019 WL 2621773, at \*4-8 (4th Cir. June 27, 2019). Accordingly, we conclude that the state statutes at issue are divisible, and the district court properly considered *Shepard* documents to determine that Marsh qualifies as an armed career criminal.

We therefore affirm Marsh's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

\* *Shepard v. United States*, 544 U.S. 13 (2005).