**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4008**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINICK LARENZO JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:16-cr-00761-TMC-1)

Submitted:  February 20, 2020                    Decided:  May 1, 2020

Before KING, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew N. Leerberg, Troy D. Shelton, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominick Larenzo Johnson pleaded guilty pursuant to a written plea agreement to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). The district court determined that Johnson had three prior convictions for serious drug offenses and sentenced him under the Armed Career Criminal Act (the "ACCA") to 180 months in prison. *See* 18 U.S.C. § 924(e). On appeal, Johnson challenges his designation as an armed career criminal, arguing that his 2005 South Carolina state conviction for possession with intent to distribute crack cocaine and two 2016 South Carolina state convictions for distribution of crack cocaine—each in violation of S.C. Code Ann. § 44-53-375(B)—are not predicate serious drug offenses under the ACCA. Specifically, Johnson contends that the convictions are not serious drug offenses because the *Shepard* documents introduced by the government indicate he pleaded guilty to lesser included offenses and the indictment underlying the 2005 conviction includes language broader than the generic definition of a serious drug offense. *See Shepard v. United States*, 544 U.S. 13 (2005). As explained below, we affirm.[*]

---

[*] After the completion of formal briefing, Johnson filed a Fed. R. App. P. 28(j) letter challenging his conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"), and *United States v. Gary*, 954 F.3d 194, 200, 208 (4th Cir. 2020) (holding that "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights," and warrants correction on appeal). "[A] Rule 28(j) letter filed after . . . the reply brief[] is a wholly inappropriate and ineffectual means of preserving an argument on appeal." *Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 581 n.5 (4th Cir. 2017). This challenge to Johnson's conviction is therefore waived. *Id.* Although we may deviate from this rule "in

A defendant qualifies as an armed career criminal if he violates 18 U.S.C. § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). Determining whether an offense constitutes an ACCA predicate is an issue of law, which we ordinarily review de novo. *See United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir. 2017). Where, however, a defendant's challenge to his ACCA sentence for lack of qualifying predicates is raised for the first time on appeal, we review for plain error. *See United States v. Walker*, 934 F.3d 375, 377-78 (4th Cir. 2019). Johnson's challenges to his 2016 convictions are raised for the first time on appeal, and we thus review them for plain error only. *Id.*

"We generally employ a categorical approach to determine whether a prior conviction serves as a predicate conviction under § 924(e)." *United States v. Williams*, 326 F.3d 535, 538 (4th Cir. 2003) (internal quotation marks omitted). The categorical approach requires consideration of whether "the elements of the prior offense . . . correspond in

---

appropriate circumstances," *United States v. White*, 836 F.3d 437, 443 (4th Cir. 2016), *abrogated on other grounds by United States v. Stitt*, 139 S. Ct. 399 (2018), we find no such circumstances present here. Johnson filed his opening brief over a month after the decision in *Rehaif* issued and explicitly disclaimed reliance on *Rehaif* prior to filing his reply brief. We also deny the Government's motion to place this appeal in abeyance pending issuance of the mandate in *Gary*. Further, because Johnson is represented by counsel, we decline to consider the arguments in his pro se letter challenging his conviction and sentence. *See United States v. Hare*, 820 F.3d 93, 106 n.11 (4th Cir. 2016).

substance to the elements of the enumerated offense," irrespective of the actual facts underlying the conviction. *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal quotation marks and brackets omitted); *see also Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016).

When a state statute is divisible, however, this court applies the modified categorical approach. *See Mathis*, 136 S. Ct. at 2249. A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* A statute is not divisible if it "enumerates various factual means of committing a single element," rather than "list[ing] multiple elements disjunctively." *Id.* Elements of an offense "are factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (internal quotation marks omitted).

If a state statute is divisible, a sentencing court must then determine which crime forms the basis of the conviction. *See Mathis*, 136 S. Ct. at 2249. Pursuant to the modified categorical approach, a sentencing court may consider a "limited class of documents"— that is, *Shepard* documents—approved by the Supreme Court to determine the particular crime of conviction. *Id.* The sentencing court then compares the elements of that crime with the generic federal definitions. *Id.* at 2249, 2256.

In *United States v. Furlow*, this court determined that S.C. Code Ann. § 44-53-375(B) is divisible. *See* 928 F.3d 311, 317-22 (4th Cir. 2019), *petition for cert. filed*, No. 19-7007 (U.S. Dec. 19, 2019). After applying the modified categorial approach and reviewing relevant *Shepard* documents in the defendant's state prosecution, this court

further concluded that the defendant's guilty plea to distribution of crack cocaine in violation of § 44-53-375(B) qualified as an ACCA predicate serious drug offense. On appeal, Johnson acknowledges *Furlow*'s holding on divisibility but states that he disagrees with it. *Furlow*, however, is controlling precedent. *See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 523-24 (4th Cir. 2015) ("A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (internal quotation marks and brackets omitted)). All three of Johnson's South Carolina state convictions were for violations of § 44-53-375(B), and the modified categorial approach applies to those convictions.

Johnson also contends that, even under the modified categorical approach, his prior convictions do not constitute serious drug offenses for armed career criminal purposes because the sentencing sheets associated with each of his convictions introduced by the government indicate that he pleaded guilty to lesser included offenses, and the indictment underlying the 2005 conviction includes language broader than the generic definition of a serious drug offense. Because we discern no error—plain or otherwise—in the district court's consideration of the relevant *Shepard* documents, we reject those arguments. *See Furlow*, 928 F.3d at 322. Accordingly, the district court did not err in determining that Johnson qualifies as an armed career criminal.

We thus affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*